MICHAEL HANLEY, PLAINTIFF-RESPONDENT, v. P. BAL-
LANTINE & SONS, A CORPORATION, AND CHARLES
FARCHER, JR., DEFENDANTS-APPELLANTS.

Argued October 20, 1938—Decided January 13, 1939.

For the plaintiff-appellee, *John W. McGeehan, Jr.*

For the defendants-appellants, *John A. Matthews (Paul J.
O'Neill,* of counsel).

The opinion of the court was delivered by

WALKER, J. This matter was tried before the Union Cir-
cuit of the Supreme Court and a verdict returned in favor of
the plaintiff after which the defendants applied for and
obtained a rule to show cause why a new trial should not be
granted; because: the verdict was contrary to the weight of
the evidence, excessive, the result of mistake, bias, passion
and prejudice and contrary to the charge of the court. The
rule to show cause reserved all the objections and exceptions
granted to the defendants for the purpose of taking an appeal
and after argument was discharged.

The defendants as appellants here attempt to urge that: the trial court erroneously refused to grant their motion for a nonsuit at the close of the plaintiff's case, but, the verdict was attacked on the rule to show cause as against the weight of evidence and such covers the ground of a motion to nonsuit and operates as a bar to the argument thereof on appeal. *Freschi* v. *Mason,* 108 *N. J. L.* 272; *Simons* v. *Lee,* 117 *Id.* 370.

The next ground of appeal is alleged error by the trial court in permitting a certain doctor to testify, the defendants contend that a demand for particulars having been served and answered by the plaintiff before the doctor was consulted the plaintiff should have thereafter supplemented the particulars to apprise the defendants thereof. The effect of a bill of particulars is to limit the plaintiff's proof to the matters therein specified; but, since a bill so furnished on demand does not form part of the record or files in the case, it can serve its purpose only by being put in evidence at the trial. *Lee* v. *Heath,* 61 *N. J. L.* 250. This the defendants did not do and therefore whether the said particulars can limit the doctor in question is not before us.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.